IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

STANLEY E. SCHROEDER, )
)
    Plaintiff, ) No. 11cv2060 EJM
vs. )
) ORDER
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
    Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability and supplemental security income benefits. The briefing schedule concluded March 5, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of May 12, 2006, plaintiff alleges mental and physical disability as discussed by the Administrative Law Judge (ALJ). T. 20-21. The ALJ found plaintiff's severe impairments included abdominal pain secondary to chronic cholecystitis, status post cholecystectomy, post endoscopic retrograde cholangiopancreatography (ERCP) pancreatitis, and a history of substance abuse in remission, but found plaintiff able to engage in substantial gainful activity. Plaintiff asserts the Administrative Law Judge (ALJ) failed to properly evaluate the opinions of Licensed Social Worker Ms. Binger, erred in failing to find he did not have a severe mental impairment, and failed to fully and fairly develop the record regarding his possible borderline intellectual functioning and

somatoform/conversion disorder. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

It appears undisputed that social worker Binger is not an "acceptable medical source," but instead she is an "other medical source," see 20 CFR §§404.1513(d), 416.913(d), and while technically not an "acceptable medical source," her assessment is important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence. Sloan v. Astrue, 499 F3d 883, 888-889 (8th Cir. 2007)(discussing SSR 06-3p, and weight to be given opinions from medical sources who are not "acceptable medical sources).

The ALJ gave no weight to Ms. Binger's opinion as he concluded it was inconsistent with mental health treatment, as well as plaintiff's activities of daily living. T. 26. In support, the ALJ noted plaintiff cared for his son, and dated two or three different women subsequent to a divorce. The ALJ further observed that

while Ms. Binger indicated plaintiff experienced severe mood swings including depression, suicidal ideation, and anger, progress notes indicated no risk of harm to self or others, stable mood, and an ability to manage anger. T. 25.

Upon review, it is the court's view that plaintiff's providing care for his son, and dating, is not inconsistent with Ms. Binger's assessment. T. 579-583. Additionally, it is the court's view that neither the progress notes referred to by the ALJ, T. 647-666, nor plaintiff's limited daily activities, are inconsistent with Ms. Binger's assessment. While the progress notes may not discuss severe mood swings, they clearly reflect concern for suicidal ideation (though often noting that plaintiff denied risk of harming himself or others), anger, and depression. Accordingly, it is the court's view that the ALJ erred in giving no weight to Ms. Binger's assessment, and therefore the Commissioner's decision is not supported by substantial evidence on the record as a whole. This matter shall be reversed and remanded for further consideration in accordance herewith. On remand, the Commissioner may further consider the additional grounds raised by plaintiff.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

August 7, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT